

FILED

December 7, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:11 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **BENJAMIN FOUSE** | ) | **Docket No.: 2015-05-0294** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 61449-2015** |
| **CITY OF MURFREESBORO** | ) | |
| **Employer.** | ) | **Judge Dale Tipps** |
| | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Benjamin Fouse, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The present focus of this case is the compensability of Mr. Fouse's histoplasmosis infection and his entitlement to medical and temporary disability benefits. The central legal issue is whether Mr. Fouse is likely to establish he suffered an occupational disease arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court finds Mr. Fouse is entitled to medical and temporary disability benefits.

## History of Claim

Mr. Fouse is a thirty-one-year-old resident of Rutherford County, Tennessee. He testified he was a seasonal worker for the Murfreesboro Parks and Recreation Department for the last two years. On Saturday, May 30, 2015, he and two co-workers cleaned out a storage and equipment "barn" at one of the city parks. The barn contained bird droppings, decaying organic matter, wood, grass clippings, and commercial fertilizer. Mr. Fouse swept out the barn after they removed the equipment. This stirred up a large quantity of dust, which Mr. Foust breathed.

Mr. Foust began feeling pain in his chest and having flu-like symptoms two to three days after working in the barn. He left work early the next Tuesday because he felt ill and went to the doctor on Wednesday. The doctor initially diagnosed a muscle pull in

his chest. When he did not improve, Mr. Fouse went to an orthopedist. Mr. Fouse developed a cough and began having trouble sleeping. He was admitted to the hospital on June 7, 2015, one week after working in the barn, and remained in the hospital for surgery and treatment until June 25, 2015.

Records from St. Thomas Physician Services show that Mr. Fouse was diagnosed with pulmonary histoplasmosis, sepsis, and mediastinal necrotic mass that required a right-lung lobectomy on June 15, 2015. (Ex. 2.)

Mr. Fouse submitted two letters from his physicians. The first, from Dr. Ward Houck, states:

> Mr. Fouse was apparently working for the City of Murfreesboro where he cleaned out a barn. He was exposed to a large amount of dust and airborne debris. Within seventy-two hours he began to experience symptoms of fever and myalgia, progressing in severity until he presented with severe shortness of breath and pleurisy. He was found to have a dense right lower lobe pneumonia and mediastinal cystic mass in the subcarinal area. I was consulted at that time, and following my evaluation proceeded to the operating room for a right thorascopic drainage of his abscess, both for diagnostic and therapeutic purposes. He remained hospitalized for another week and has had ongoing treatment for what was proven to be a fulminant infection of Histoplasmosis. There is no doubt that this was caused by his occupational exposure.

(Ex. 5.)

The second letter, from Dr. Randal Rickard, states:

> This infection with Histoplasmosis was very likely to have been acquired in the course of his employment. In specific, an exposure to a dusty environment open to infestation with birds and their droppings was the likely source. He describes working in a barn of this description just prior to the onset of the illness.

(Ex. 4.)

Mr. Fouse filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Fouse filed a Request for Expedited Hearing, and this Court heard the matter on December 1, 2015. At the Expedited Hearing, Mr. Fouse asserted he is entitled to reimbursement for his medical expenses, continuing medical treatment, and temporary disability benefits.

During the hearing, counsel for the City stipulated to the accuracy of Mr. Fouse's description of his work in the barn on May 30, 2015, the diagnosis of histoplasmosis, and the dates set out in Mr. Fouse's affidavit as the time he missed work as a result of his symptoms and medical treatment. The City argued, however, that histoplasmosis is ubiquitous in this area, and that Mr. Fouse failed to present sufficient evidence that on-the-job exposure was the primary cause of this case of histoplasmosis, rather than general, non-work exposure.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[1] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

To be compensable under the workers' compensation statutes, an injury (which includes an occupational disease) must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). Injury is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident,

---

[1] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

3

or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014).

There is no dispute as to the existence of a specific incident, identifiable by time and place of occurrence. The City stipulated to Mr. Fouse's description of his work in the barn on May 30, 2015, and his resulting exposure to its dust. The issue to be resolved is whether his histoplasmosis arose primarily arose from that exposure. "An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

Mr. Fouse submitted two medical opinions regarding the cause of his illness. Both opinions support his contention that his condition arose primarily from his work. Dr. Houck's opinion was particularly emphatic. He stated, "There is no doubt that this was caused by his occupational exposure."

The City did not offer any conflicting medical opinions. Instead, both parties submitted a number of treatises and articles about histoplasmosis, its causes, and its endemic areas. The City relied on these materials to argue that Mr. Fouse was just as likely to acquire the condition outside of work as in the course of his work. There is no indication Mr. Fouse's doctors were unaware of his relevant history or the information contained in the research materials submitted by the parties. For this reason, the Court declines to substitute the City's causation argument for the unrebutted opinions of the medical professionals. In the absence of any actual medical opinion to the contrary, the Court finds Mr. Fouse appears likely to prevail at a hearing on the merits.

Tennessee law requires an employer to provide "free of charge to the employee such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Employers are also required to provide an injured employee with a panel of physicians from which the employee may select a treating physician. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2014). The City denied Mr. Fouse's claim from the outset and provided no medical panel. Therefore, it was reasonable for Mr. Fouse to seek medical care on his own. In such a case, an employer is liable for medical expenses incurred by an employee from a doctor of that employee's own choosing. *Bond v. American Air Filter*, 692 S.W.2d 638, 641 (Tenn. 1985). The Court therefore finds that the City is responsible for payment of all reasonable and necessary medical expenses incurred by Mr. Fouse for treatment of his histoplasmosis and designates Dr. Rickard as Mr. Fouse's authorized treating physician.

The Court further finds Mr. Fouse is entitled to temporary total disability benefits for the stipulated period of disability from June 7, 2015, through July 6, 2015. The City

submitted a wage statement showing an average weekly wage of $417.88, and Mr. Fouse agreed with that calculation during the hearing.

**IT IS, THEREFORE, ORDERED** as follows:

1. City of Murfreesboro shall pay all reasonable and necessary medical expenses incurred by Mr. Fouse for treatment of his histoplasmosis and provide Mr. Fouse with continuing medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204 (2014), with Dr. Rickard as the authorized treating physician. Medical bills shall be furnished to City of Murfreesboro by Mr. Fouse or the medical providers.

2. The amount of temporary disability benefit is $278.59 per week based on Mr. Fouse's average weekly wage of $417.88.

3. Payment of past-due benefits in the amount of $1,193.57 shall be made for the period from June 7, 2015, through July 6, 2015.

4. This matter is set for an Initial (Scheduling) Hearing on January 28, 2015, at 9:00 a.m.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 7th day of December, 2015.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

5

<u>Initial (Scheduling) Hearing</u>:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it

with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal.  Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof.  A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement.  All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

<u>Exhibits:</u>
1. Affidavit of Benjamin Fouse
2. Records from St. Thomas Physician Services
3. Records from Family Practice Partners
4. October 22, 2015 letter from Dr. Randall Rickard
5. October 9, 2015 letter from Dr. Ward Houck
6. Work Schedule and Timesheet records
7. Written statements of co-workers
8. Medical bills
9. Photographs of work area
10. Groundskeeper job description
11. Sketch of work area
12. First Report of Injury
13. Wage Statement
14. Notice of Denial
15. Satelite photographs of work area
16. October 8, 2015 handwritten letter
17. Journal and research materials
18. Website description of Barfield Crescent Park

<u>Technical record:</u>[2]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Benefits was sent to the following recipients by the following methods of service on this the __7th__ day of December, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Benjamin Fouse | | | X | Bpf2f@yahoo.com |
| Richard Rucker, Esq. | | | X | rrucker@murfreesborotn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**